IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE A. GONZALES,

        Petitioner,                  No. CIV S-11-2517 GEB GGH P

    vs.

G.D. LEWIS,

        Respondent.              FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss on December 8, 2011, yet petitioner failed to file an opposition or otherwise communicate with the court. On January 20, 2012, the court ordered petitioner to file an opposition within 21 days or else it would be recommended that this case be dismissed. Petitioner has not filed an opposition or otherwise communicated with the court. Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Therefore, the motion to dismiss should be granted.

        In the alternative, the undersigned finds that the motion to dismiss has merit. Petitioner challenges his placement in the Secured Housing Unit (SHU) after being convicted of

1

a crime while in prison and as a result he was not allowed to earn enhanced credits. However, petitioner's first state court petition was filed after the one year AEDPA statute of limitations and the instant federal petition was filed approximately eight months after statute of limitations expired. In addition, respondent states that petitioner's petition with the California Supreme Court is still pending and the exhibits indicate that the Superior Court on habeas review stated that some of petitioner's claims are procedurally defaulted as petitioner never administratively appealed the denial of credits and the Court of Appeal cited: People v. Mendoza (1986) 187 Cal. App. 3d 948, 954-55, In re Muszalski (1975) 52 Cal. App. 3d 500, 503-08, People v. Duvall (1995) 9 Cal. 4th 464, 474 (1995), and In re Swain (1940) 34 Cal. 2d 300, 303-04. Moreover, the ability to earn enhanced credits is doubtfully a claim that can be brought in federal habeas corpus.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (Doc. 11) be granted and this case be dismissed.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are

\\\\\

\\\\\

1  advised that failure to file objections within the specified time waives the right to appeal the

2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: March 6, 2012

4                                         /s/ Gregory G. Hollows
                                         UNITED STATES MAGISTRATE JUDGE

GGH: AB
gonz2517.fr